**John R. MASY, Michael Sanok, Ralph N. Francavilla, Robert Lyons, Joseph M. Pinto and Tom Alcamo, Plaintiffs,**

v.

**NEW JERSEY TRANSIT RAIL OPERATIONS, INC., International Brotherhood of Electrical Workers, International Brotherhood of Electrical Workers, Local 604, International Brotherhood of Electrical Workers, Local 748, Defendants.**

Civ. A. No. 85–4.

Special Court,
Regional Rail Reorganization Act.

Sept. 16, 1986.

Arthur M. Shara, Union, N.J., for plaintiffs John R. Masy, et al.

Irwin I. Kimmelman, Atty. Gen. of New Jersey, Robert H. Stoloff, Deputy Atty. Gen., Newark, N.J., Edward J. Hickey, Jr., Michael S. Wholly, Mulholland & Hickey, Washington, D.C., for defendants.

Before GASCH, Presiding Judge, and BRYANT and WEINER, Judges.

## MEMORANDUM

BRYANT, Judge:

This action is before the court on the motion of defendant New Jersey Transit Rail Operations, Inc., ("NJTRO") to dismiss on the ground that the Special Court lacks subject matter jurisdiction over the complaint. Following oral argument on this matter, the defendant unions filed a separate motion to dismiss. For the reasons stated below, NJTRO's motion is granted and the case dismissed. It is unnecessary to consider the unions' motion.

BACKGROUND

Plaintiffs are employees of defendant NJTRO and members of defendant International Brotherhood of Electrical Workers ("IBEW") and IBEW Locals 604 and 748. Plaintiffs brought this action against defendants alleging that defendant NJTRO had breached the seniority provisions of an implementing agreement awarded pursuant to Section 508 of the Rail Passenger Service Act ("RPSA") as amended by the Northeast Rail Service Act of 1981 ("NRSA"), Pub.L. No. 97–35 (August 13, 1981), 45 U.S.C. § 588 (1982), and a collective bargaining agreement between NJTRO and the IBEW. *See* Exhibits B and C of Plaintiffs' Written Objections to Motion of Defendant, New Jersey Transit Rail Operations, Inc., to Dismiss or in the Alternative to Transfer a Portion of the Claim to the United States District Court for the District of New Jersey (hereinafter cited as "Plaintiffs' Opposition").

On January 1, 1983, Conrail was relieved of its obligation to operate commuter rail service pursuant to Section 1136 of NRSA, 45 U.S.C. § 744a (1982). Defendant NJTRO then elected to operate certain commuter rail lines for itself. Prior to 1983, plaintiffs were employees of Conrail. The transfer of commuter rail service employees was effectuated pursuant to two statutory provisions of NRSA. Section 508 required Conrail, defendant NJTRO, and defendant IBEW to enter into negotiations for an implementing agreement. 45 U.S.C. § 588. Defendants failed to negotiate an implementing agreement, however, so a neutral referee awarded the agreement at issue on October 14, 1982 pursuant to Section 508(d), 45 U.S.C. § 588(d). *See Railway Labor Executives' Ass'n v. Southeastern Pa. Transp.*, 534 F.Supp. 832 (Sp.Ct.R. R.R.A.), *cert. denied,* 456 U.S. 990, 102 S.Ct. 2271, 73 L.Ed.2d 1285 (1982). After

an implementing agreement is reached in accordance with Section 508, Section 510(a) of RPSA specifies that the commuter authorities and the labor union must enter into a new collective bargaining agreement "with respect to rates of pay, rules, and working conditions." 45 U.S.C. § 590 (1982). On August 18, 1983, defendant NJTRO and defendant IBEW entered into a collective bargaining agreement. Although both the implementing agreement and the collective bargaining agreement included provisions regarding seniority, the only statutory reference to seniority rights is found in section 508(c)(7) which provides that negotiations for implementing agreements shall "ensure the retention of prior seniority on Conrail of employees transferring to ... a commuter authority and determine the extent and manner in which such employees shall be permitted to exercise such seniority ..." 45 U.S.C. § 588(c)(7).

Plaintiffs appear to allege that defendant NJTRO somehow violated the section 508 award and the collective bargaining agreement by placing twelve employees "with less seniority and inferior qualifications," than the plaintiffs on a " 'special' seniority roster," thus giving the less senior workers "preferential treatment in jobs and overtime earnings." Complaint, § 18. Plaintiffs also allege that the defendant labor union failed to act on the grievances filed with it concerning the seniority issue. Plaintiffs' Opposition at 7. Plaintiffs claim establishment of the "special seniority roster" is in breach of the implementing agreement and the collective bargaining agreement. Consequently, plaintiffs filed this action seeking defendants' compliance with both agreements. *Id.* at 8.[1]

DISCUSSION

In their complaint, plaintiffs assert that jurisdiction is grounded on 28 U.S.C. §§ 1331, 1343; 45 U.S.C. § 1105; and Fed. R.Civ.P. 23. Only Section 1105 of Title 45

pertains to the jurisdiction of the Special Court. Section 1152(a) of NRSA, 45 U.S.C. § 1105(a) (1982), grants the Special Court original and exclusive jurisdiction over certain civil actions, including those:

> for injunctive, declaratory, or other relief relating to the enforcement, operation, execution, or interpretation of any provision of or amendment made by this subtitle, or administrative action taken thereunder to the extent such action is subject to judicial review....

45 U.S.C. § 1105(a)(1). Only Section 1152(a)(1) has potential application to plaintiffs' claim. No allegation is made in plaintiffs' complaint that would permit jurisdiction under the other provisions of Section 1152(a).

Plaintiffs assert that they are seeking "defendants' compliance with the Collective Bargaining Agreement ... as well as the Arbitration Award." Plaintiffs' Opposition at 8. Plaintiffs also contend that Section 508 of RPSA, 45 U.S.C. § 588, which provides for the scope of negotiations for an implementing agreement, gives them "the right to enforce their employment rights ..." Plaintiffs' Opposition at 4.

■ In its motion to dismiss for lack of subject matter jurisdiction, NJTRO argues that plaintiffs must first establish a violation of the provisions of Section 508 to bring their claim within this court's Section 1152(a) jurisdiction. Although it is difficult to discern the basis of plaintiffs' claim from their papers, it is clear that they have failed to establish a failure to comply with the provisions of Section 508. The Special Court has exclusive jurisdiction over the enforcement, operation, execution, or interpretation of the provisions of Section 508, pursuant to Section 1152(a)(1) of NRSA, which includes jurisdiction over the award of the referee. *See e.g., Massaro v. Brotherhood of Locomotive Engineers,* 594 F.Supp. 762 (Sp.Ct.R.R.R.A.), *cert. denied,*

---

1. On September 7, 1984 a Federal District Court in New Jersey dismissed an action filed by plaintiffs claiming breach of the collective bargaining agreement. *See Masy v. New Jersey Transit Rail Operations, Inc.,* No. 84–521, slip op. (N.J.D.C. Sept. 7, 1984) [Available on WESTLAW, DCTU database]. Judge Lacey held that the National Railroad Adjustment Board had exclusive jurisdiction over plaintiffs' seniority dispute. *Id.* at 4.

— U.S. ——, 105 S.Ct. 593, 83 L.Ed.2d 702 (1984). Plaintiffs do not challenge either the provisions of Section 508, such as the authority of the referee to make the award, or the award itself; instead they are attempting to enforce the substance of the implementing agreement. Essentially, plaintiffs misconstrue the jurisdiction of this court to enforce the procedures involved in arriving at an implementing agreement pursuant to the provisions of Section 508 with the enforcement of the agreement itself. While this court has jurisdiction over claims in the former category, it lacks jurisdiction over claims in the latter category which, for the reasons stated below, are minor labor disputes.

In addition, NJTRO contends that this court lacks jurisdiction to enforce the implementing agreement because the agreement itself provides that any enforcement action lies with the National Railroad Adjustment Board ("NRAB"). The implementing agreement states as follows:

> Any dispute or controversy with respect to the interpretation, application or enforcement of the provisions of this agreement which has not been resolved within 90 days may be submitted by any of the parties to an Adjustment Board for a final and binding decision thereon as provided for in Section 3 of the Railway Labor Act.

NJTRO's Letter Brief of April 30, 1985 at 2. Moreover, defendants argue that the implementing agreement has no continuing validity with regard to seniority because the collective bargaining agreement supersedes it. *Id.*

■ The implementing agreement was awarded on October 14, 1982. Ten months later, defendant NJTRO and the defendant IBEW entered into a collective bargaining agreement. Although both agreements contain provisions on seniority, these provisions are not identical. The seniority provisions in the collective bargaining agreement modified, and thus superseded, those set forth in the initial implementing agreement. *See e.g. United Transportation Union v. Southeastern Pennsylvania*

*Transportation Authority,* 555 F.Supp. 1382, 1389 (Sp.Ct.R.R.R.A.1982), *cert. denied,* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 495 (1983) (a collective bargaining agreement reached pursuant to Section 510 may modify the seniority provisions of a Section 508 implementing agreement); *American Ry., etc. v. Southeastern Pa. Transp.,* 551 F.Supp. 688, 691 (Sp.Ct.R.R.R.A.1982) (the implementing agreement, which must be reached before new collective bargaining agreements are negotiated fully, is subject to change during bargaining under Section 510). Plaintiffs contend that they are seeking defendants' compliance with both agreements; in effect, however, they are requesting that this court enforce the seniority provisions of the collective bargaining agreement, which modified the earlier agreement. Defendants assert that Section 1152(a) does not give the Special Court jurisdiction to order compliance with collective bargaining agreements. Rather, they argue that the NRAB has exclusive jurisdiction over such a claim.

■ Under the judicial review provisions of Section 1152(a), 45 U.S.C. § 1105, this court has jurisdiction over claims relating to the enforcement, operation, execution, or interpretation of Section 510, which governs collective bargaining agreements. Section 510 establishes a cut-off date, the scope of new collective bargaining agreements, and the procedures necessary in the event of a failure to reach agreement. Section 510 does not address the substantive nature of collective bargaining agreements; instead it is a procedural statute delineating the requisite steps to take to negotiate such an agreement. Plaintiffs have not alleged noncompliance with any of the procedures set forth in Section 510, which would require the Special Court to enforce or interpret a NRSA provision. Plaintiffs do not dispute the process by which the collective bargaining agreement was reached, or the nature of the agreement itself. By seeking enforcement of the agreement, plaintiffs essentially acknowledge their approval of it. What plaintiffs contend, however, is that defendants have

failed to abide by some of the terms of the agreement. A dispute regarding specific seniority provisions of a collective bargaining agreement is not one requiring the enforcement or interpretation of a NRSA provision, as is required, for example, in a challenge to a neutral referee's award. *See New Jersey Transit Rail Operations, Inc. v. IBEW,* 550 F.Supp. 1327, 1329 (Sp. Ct.R.R.R.A.1982). On the contrary, such a dispute falls squarely within the definition of "minor disputes" between a carrier and its employees over which the NRAB has jurisdiction pursuant to 45 U.S.C. § 153 First (i) (1982).

██ Under the Railway Labor Act, the NRAB has exclusive jurisdiction over all disputes between carriers and their employees "growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions...." *Id. See Union Pacific Railroad Co. v. Sheehan,* 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978), *reh'g denied,* 439 U.S. 1135, 99 S.Ct. 1060, 59 L.Ed.2d 98 (1979) (the Adjustment Board was created to secure the settlement of grievances that arise daily between employees and carriers regarding rates of pay, rules and working conditions and Congress intended to keep such "minor" disputes out of the courts); *Andrews v. Louisville & Nashville Railroad Co.,* 406 U.S. 320, 322, 92 S.Ct. 1562, 1564, 32 L.Ed.2d 95 (1972) (the notion that the grievance and arbitration procedures provided for minor disputes in the Railway Labor Act are optional is no longer good law); *Slocum v. Delaware L. & W.R. Co.,* 339 U.S. 239, 240–43, 70 S.Ct. 577, 578–79, 94 L.Ed. 795 (1950); *Sisco v. Consolidated Rail Corp.,* 732 F.2d 1188, 1190 (3rd Cir. 1984) (exhaustion of administrative procedures is generally required under the Railway Labor Act). The allegation of plaintiffs that defendants have failed to follow properly the seniority rights established in a collective bargaining agreement is a claim requiring an interpretation of the agreement itself and not merely of the procedures by which the contract was formed. *See e.g., Goclowski v. Penn Central Transportation Co.,* 571 F.2d 747 (3rd Cir.1977).

Thus the court holds that plaintiffs have failed to allege a claim over which the Special Court has jurisdiction. For the reasons stated above, NJTRO's motion to dismiss the complaint for lack of subject matter jurisdiction is hereby granted.

An appropriate order shall issue.